976 F.2d 1444
 298 U.S.App.D.C. 140
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
ALLIED-SIGNAL INC., Petitioner,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.
 No. 90-1003.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 1, 1992.
 
 Before MIKVA, Chief Judge, HARRY T. EDWARDS and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case came to be heard on a petition for review of a final rule of the Environmental Protection Agency, and it was briefed and argued by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by this Court that the petition for review be denied.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 Allied-Signal opposes the decision of the Environmental Protection Agency ("EPA" or "Agency") to place the Prestolite Battery site on the National Priorities List ("NPL"). The EPA creates this list pursuant to powers granted by the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601-9675 (1988) ("CERCLA"), and uses it to identify the sites, nationwide, that deserve the highest priority for clean-up of hazardous substances or other pollutants.
 
 
 5
 Allied-Signal's argument is based on the overlapping clean-up authority of another statute, Subtitle C of the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6921-6939 (1988) ("RCRA"). The EPA has a longstanding policy to "defer listing [on the NPL] sites that could be addressed by the RCRA Subtitle C corrective action authorities." 54 Fed.Reg. 41,000, 41,004. The petitioner claims that RCRA Subtitle C applies to the Prestolite site, and that the EPA therefore should have deferred listing the site.
 
 
 6
 The EPA responds that it has declined to defer listing "[s]ites where RCRA corrective action may not apply to all the contamination at the site." 53 Fed.Reg. 23,978, 23,982. A large proportion of the contamination at the Prestolite site is atmospherically-deposited lead. The Agency asserts that it included the site on the NPL because "it remains unclear if the atmospheric deposition of lead at the site can be considered a Solid Waste Management Unit (SWMU) subject to the RCRA corrective action authorities." Support Document for the Revised National Priorities List Final Rule, 6-38 (October 1989).
 
 
 7
 Since the briefs were filed in this case, this court has issued a decision in a similar case, Apache Powder Co. v. United States (D.C.Cir.1992). The court there held that the uncertainty as to the applicability of RCRA clean-up authorities to the contamination of ground water by nitrates justified the Agency's decision not to defer listing the Apache site on the NPL. Apache is closely analogous to the present case. We therefore hold that Apache controls this case, and we accordingly deny Allied-Signal's petition for review.
 
 
 8
 We express concern, however, as to the EPA's recent tendency in such cases to fail to determine whether matters can be fully resolved under RCRA before invoking the tougher CERCLA statute, in spite of the Agency's claim that it tries to do just that.
 
 
 9
 We note that the parties are continuing to negotiate as to whether they can proceed under RCRA. If such an agreement is reached, it will serve the public interest by facilitating an early and thorough clean-up of the site.